# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) Cr. No. 3-260 |
| | ) Cv. No. 9-1309 |
| v. | ) |
| | ) |
| SHERWIN PINNOCK | ) |

## OPINION AND ORDER

### SYNOPSIS

In this action, Defendant was sentenced for conspiracy to distribute and possession with intent to distribute 100kg or more of marijuana and conspiracy to launder monetary instruments in violation of 21 U.S.C. § 846 and 18 U.S.C. § 1965(h). The Court of Appeals affirmed his conviction on July 16, 2010. Defendant was sentenced to 97 months in prison. Before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255, alleging that counsel was ineffective for failing to raise the statute of limitations and the speedy trial act; failing to strike a biased juror; and failing to adequately advise him of the facts and law relevant to his decision not to plead guilty.

For the following reasons, the Motion will be denied in part, and a hearing held on the remainder.

### OPINION

### I. APPLICABLE STANDARDS

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Under these standards, a hearing is unnecessary on the majority of Defendant's Motion on the record. As regards his claim that

1

counsel was ineffective with respect to advising him of his plea options and consequences thereof, a hearing is required.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L.Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 s. ct. 285, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I will consider Defendant's Motion according to these standards.

## II. DEFENDANT'S MOTION

### A. PROCEDURAL DEFAULT

The Government contends that because Defendant did not raise any of his present contentions on direct appeal, those contentions are defaulted. A Section 2255 Motion is not a substitute for appellate review. Thus, any issues not raised on direct review are procedurally defaulted, unless Defendant can show valid cause for the default, and prejudice resulting from the default. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584, 71 L Ed 2d 816 (1982). He must show "actual prejudice," which refers to errors that "worked to his actual and substantial

disadvantage, infecting his entire trial with error of constitutional dimensions." Dickens v. United States, No. 3-3953, 2005 U.S. Dist. LEXIS 36432 (D.N.J. Dec. 27, 2005). In this case, Defendant does not establish cause for the default. In addition, as discussed infra, he has not demonstrated the required prejudice in all instances. On the other hand, Defendant grounds his claims in ineffective assistance of counsel, and "[t]here is no procedural default for failure to raise an ineffective assistance claim on direct appeal." Massaro v. United States, 538 U.S. 500, 503-04, 123 S. Ct. 1690, 155 L. Ed. 2d 714 (2003); United States v. DeRewal, 10 F.3d 100, 103-04 (3d Cir. 1993). Thus, I address each of the claims in turn.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

#### 1. Applicable Standards

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray, 878 F. 2d 702, 711 (3d Cir. 1989). Both trial and appellate counsel are governed by the same standards. See Smith v. Robbins, 528 U.S. 259, 285-86, 120 S. Ct. 746, 145 L. Ed. 2d 756 (2000). In order to fairly assess attorney performance, a court must make "every effort…to eliminate the distorting effects of hindsight…." Douglas v. Cathel, 456 F. 3d 403, 420 (3d Cir. 2006).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance," and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be

3

assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. In light of the wide array of circumstances faced by counsel, and the range of legitimate decisions regarding how best to represent a defendant, Strickland's inquiry turns on whether counsel's assistance was reasonable considering all the circumstances. Wong v. Belmontes, 130 S. Ct. 383, 385, _ U.S. __, 175 L. Ed. 2d 328 (2009). At all points, "judicial scrutiny of counsel's performance must be highly deferential." Id.

Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also Gray, 878 F.2d at 709-13. Speculation as to "whether a different . . . strategy might have been more successful" is not enough. Lockhart v. Fretwell, 506 U.S. 364, 113 S. Ct. 838, 843-44, 122 L. Ed. 2d 180 (1993). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844. A court need not consider both components of Strickland, if there is an insufficient showing on the other. Strickland, 466 U.S. at 697. If a claim fails either prong, it cannot succeed. Id. at 697.

**2. Statute of Limitations/Speedy Trial**

First, Defendant argues that counsel was ineffective for failing to properly deal with statute of limitations and speedy trial issues. In this case, the indictment charges criminal acts occurring from January 1998 to September 2003. The superseding indictment was filed on July 15, 2004. Defendant was declared a fugitive in June of 2005, and arrested and subject to further proceedings in October, 2008. This falls within the statute of limitations, and the failure to raise the issue does not violate the parameters laid down in Strickland.[1]

---

[1] I separately address Defendant's suggestion that counsel refused to raise the statute of limitations without being paid a lump sum of $10,000. Counsel was paid by the Court pursuant to the Criminal Justice Act, and the

4

With regard to the Speedy Trial Act, "[a] defendant may be disentitled to the speedy-trial safeguard in the case of a delay for which he has, or shares, responsibility. It has been held, for example, that an accused can not sustain a speedy-trial claim when the delay results from his being a fugitive from justice." Dickey v. Florida, 398 U.S. 30, 48, 90 S. Ct. 1564, 1574, 26 L. Ed. 2d 26 (1970). "Although the government must make some effort to locate a fugitive defendant, and bring him to trial, that effort need only be reasonable . …." United States v. Clark, No. 97-669, 2005 U.S. Dist. LEXIS 19584, at **17-18 (E.D. Pa. Sept. 8, 2005).

Defendant conclusorily asserts that he did not know that criminal charges were pending against him, and that the authorities may not have been diligent in searching for him. In connection with his eventual arrest, however, a law enforcement affidavit indicates that agents made diligent efforts and were unable to locate Defendant. Additionally, the Government represents that a public press release and consequent newspaper coverage accompanied each co-defendant's conviction. "[T]he most substantial part of the delay between indictment and trial is attributable to the fact that [Defendant] was a fugitive until he was arrested on the state charges. His asserted interest in a speedy trial did not manifest itself until after he was apprehended." U.S. v. Sandini, 888 F.2d 300, 311 n.7 (3d Cir. 1989). Under the circumstances, and applicable deferential standards, I cannot find that counsel's failure to raise timeliness issues fell below the wide range of acceptable conduct.

Moreover, Defendant has not proffered any claim of prejudice relating to the delay.[2] The types of prejudice that may result from a Speedy Trial Act violation are "oppressive pre-trial

---

suggestion that an attorney demanded money in exchange for raising a particular defense is disturbing. I am, however, bound by applicable standards of review. Those standards may remedy a miscarriage of justice, but cannot redress wrongdoing if no prejudice or miscarriage ultimately occurred. Were I to accept Defendant's allegations as true, the fact remains that the failure to raise the limitations defense did not prejudice Defendant within the meaning of Strickland.

[2] In addition to being a required showing under Strickland, prejudice is part of the analysis of whether the Speedy Trial Act was violated. In that analysis, there are four factors to consider: (1) the length of the delay, (2) the reason

5

incarceration," "anxiety and concern of the accused," and "the possibility that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence." See <u>Doggett v. United States</u>, 505 U.S. 647, 120 L. Ed. 2d 520, 564, 112 S. Ct. 2686 (1992). This case does not implicate the first two types of prejudice, because Defendant was not incarcerated, and claims not to have been aware of criminal charges. In addition, the third type is ameliorated by the fact that three co-defendants were apprehended and tried or pleaded guilty before Defendant's arrest; thus, at least some evidence pertinent to Defendant would have been preserved in relation to those proceedings. Accordingly, Defendant is not entitled to habeas relief on statute of limitations or speedy trial grounds.

### 3. Right to Impartial Jury

Next, Defendant contends that counsel was ineffective for failing to use peremptory challenges regarding two jurors who suggested that they would have difficulty being fair. In particular, Defendant contends that one juror stated that his daughter, to her detriment, had been involved with a drug dealer in the past; the other stated that he felt that dealing drugs was wrong.

In order to succeed on such a claim, a defendant must rebut the presumption that the prospective jurors were impartial. <u>See</u> <u>Irvin v. Dowd</u>, 366 U.S. 717, 723, 81 S. Ct. 1639, 6 L. Ed. 2d 751 (1961). To make out an ineffective assistance of counsel claim that is based on trial counsel's failure to strike a biased juror, the petitioner "must show that the juror was actually biased." <u>Morgan v. Illinois</u>, 504 U.S. 719, 112 S. Ct. 2222, 119 L. Ed. 2d 492 (1992)). "'An attorney's actions during voir dire are considered to be matters of trial strategy . . . . A strategic decision cannot be the basis for a claim of ineffective assistance unless counsel's decision is shown to be so ill-chosen that it permeates the entire trial with obvious unfairness.'" <u>Miller v.</u>

---

for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant caused by the delay. See <u>Barker v. Wingo</u>, 407 U.S. 514, 530, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972).

6

Webb, 385 F.3d 666, 672-73 (6th Cir. 2004). "A tactical or strategic decision is ineffective only 'if it was so patently unreasonable that no competent attorney would have chosen it.'" Holladay v. Haley, 209 F.3d 1243, 1253 n. 6 (11th Cir. 2000).

> The ABA Standards for Criminal Justice recognize that the decision of what jurors to accept or strike is a "non-fundamental issue reserved for counsel's judgement." [sic] Defense counsel's decision not to object to the composition of the jury is a strategic choice which falls within the "wide range of reasonable professional assistance." …There must be some evidence of irregularity in jury selection practices before failure to object to the panel rises to the level of ineffective assistance of counsel. …The selection of a jury inevitably calls upon the experience and intuition of a trial attorney….A trial lawyer must draw upon his own insights and empathetic abilities when selecting a jury.

United States v. Dent, No. 9-223-3, 1999 U.S. Dist. LEXIS 14530, at **17-18 (E.D. Pa. Sept. 10, 1999) (citations omitted) (vacated on other grounds, 43 Fed. Appx. 477 (3d Cir. 2002).

In this instance, I must give counsel the deference due under applicable standards, and cannot find that she acted outside the applicable range of acceptable conduct. There are no grounds for finding that the alleged error was so ill-chosen, or so patently unreasonable, that it permeated the trial with unfairness. Further, as the Government points out, Defendant attempted to prove that he was not, in fact, a drug dealer; it would have been reasonable for counsel to decide not to use two of the defense's limited peremptory challenges to strike these jurors. Defendant has not demonstrated that the jurors were actually biased, and has not shown that the outcome of his trial would have been different had the jurors been stricken. Thus, he is not entitled to habeas relief on these grounds.

**C. Plea of Not Guilty**

Finally, I address Defendant's contention that counsel was ineffective with respect to advising and informing him of various aspects relating to a plea decision. For example, he states that he would have pleaded guilty had counsel advised him of the benefits of acceptance of

7

responsibility and Safety Valve provisions. Defendant does not detail his discussions with counsel, but avers that she "never discussed with him the pros and cons of pleading guilty versus going to trial." The Government responds that it consistently offered the probability of an eighteen-month sentence if Defendant were to plead guilty based on a smaller amount of drugs, and that Defendant consistently rejected the offer.[3] The Government also asserts that Defendant denied involvement in the crimes charged, and rejected the opportunity to participate in the investigation. Thus, the Government suggests, he would not have been eligible for sentencing benefits had he pleaded. This begs the question, however, regarding the reasons for Defendant's failure to participate in the plea or the investigation, and to assent to the plea. As the Government concedes, it has no knowledge of the content of Defendant's conversations with counsel, and itself had "limited contact" with the Defendant.[4]

A defendant has the right to make a reasonably informed decision regarding whether to accept a plea offer. United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992). "Knowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty." Id.[5] In this case, the parameters of counsel's advice, and the Defendant's actions, are unclear. The motion, files, and records do not show conclusively that the defendant is not entitled to relief. Because I must accept Defendant's factual assertions as true, and construe his pleadings liberally, a hearing is warranted on this

---

[3] The Government also states that because the 18 months related to the plea offer was based on a smaller amount of drugs, Safety Valve eligibility would still have resulted in a sentence greater than 18 months. There is a wide range of possible sentences greater than 18 months that would be more favorable to Defendant than the 97-month sentence imposed.

[4] Moreover, the chronology of events is unclear. For example, Defendant suggests that at some point, the Government advised him that his cooperation was no longer useful. It is difficult to discern whether, and when, Defendant might have been eligible for sentencing benefits had he been advised of the consequences of cooperating or accepting responsibility; or if, instead, the opportunity to take such action had expired by the time the Government offered the plea.

[5] On the other hand, counsel's failure to advise movant regarding certain consequences of a plea may be reasonable, if it is clear that the defendant was unwilling to admit guilt under any circumstances. United States v. Ontiveros, No. 2-418, 2010 U.S. Dist. LEXIS 8383, at *18 (E.D. Cal. Feb. 2, 2010).

issue. See Oppong v. United States, No. 8-5762, 2010 U.S. Dist. LEXIS 90474 (D.N.J. Sept. 1, 2010).

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." In this case, for the reasons stated in the foregoing Opinion, Defendant has not made the required showing, with respect to the issues decided herein. Therefore, a certificate of appealability will not issue in any respect, regarding those issues.

## CONCLUSION

In sum, a hearing is required with respect to Defendant's contentions that counsel was ineffective regarding plea negotiations. As regards the remainder of the Motion, under applicable deferential standards and presumptions, Defendant has not demonstrated a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. He is not, therefore, entitled to habeas relief. In addition, no certificate of appealability shall issue as to the matters decided herein. An appropriate Order follows.

**ORDER OF COURT**

AND NOW, this 4th day of February, 2011, it is hereby ORDERED, ADJUDGED, and DECREED that a hearing is scheduled for April 5, 2011, at 10:00 A.M., solely on Defendant's contention that counsel failed to effectively advise him regarding plea options. If Defendant seeks the appointment of counsel for the hearing, he shall file a Motion to that effect on or before February 22, 2011. In addition, by March 28, 2011, the parties shall file briefs addressing the remedy to which Defendant may be entitled if this Court finds, following the hearing, that he was deprived of effective assistance of counsel with respect to the plea process.

The remainder of Defendant's Motion is DENIED, and no certificate of appealability shall issue as to the aspects of the Motion thus denied.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, United States District Court